UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH PARKER, | ) | CASE NO.  5:12-CV-2552 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| STARK COUNTY HEALTH | ) | |
| DEPARTMENT, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiff *pro se* Deborah Parker's post-judgment motion (Doc. No. 20) in response to the Court's memorandum opinion and order (Doc. No. 18) granting defendants' motion to dismiss (Doc. No. 10) and the Court's corresponding judgment entry dismissing the case (Doc. No. 19). For the reasons stated below, plaintiff's motion is **DENIED**.

The subject motion contains several headings, the first of which is "Reinstatement." The Court construes this motion for "Reinstatement" as a motion to alter or amend a judgment, also known as a motion for reconsideration, under Rule 59(e) of the Federal Rules of Civil Procedure. *See Smith v. Sec'y of Health and Human Servs.*, 776 F.2d 1330, 1331–32 (6th Cir. 1985); *Thomas v. Corr. Med. Ctr.*, 181 F.3d 104, at *1 (6th Cir. 1999) (table). Because plaintiff filed her motion within 28 days of the Court's entry of judgment, the motion is timely under Rule 59(e).

"Rule 59(e) motions are aimed at *re*consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). A court may grant a Rule 59(e) motion "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (internal quotations and citations omitted).

Although portions of plaintiff's motion are difficult to comprehend, she appears to bring several new arguments, all of which allege that the undersigned exhibited bias and/or prejudice and/or otherwise violated plaintiff's rights. These issues, heretofore unraised, may not be brought for the first time in a Rule 59(e) motion. *Engler*, 146 F.3d at 374.[1]

Along with raising new arguments, plaintiff reiterates the allegations in her complaint and the contentions made in her motions in opposition to defendants' motion to dismiss. These arguments were specifically addressed in this Court's December 17, 2012 memorandum opinion and order granting defendants' motion and dismissing the case. Moreover, plaintiff offers no facts or argument in support of the existence of any of the four conditions from *Henderson*. Consequently, there is no basis for the Court to grant plaintiff's motion.

---

[1] To the extent that plaintiff raises these issues as a result of the dismissal of her case, it is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice that would necessitate the disqualification of the presiding judge. *See Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956). In any event, plaintiff has not demonstrated any of the factors requiring disqualification, as provided by 28 U.S.C. § 455. Section 455 provides that a judge must disqualify himself or herself "in any proceeding in which [his or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Plaintiff has not shown, nor attempted to show, that the Court harbors "any *personal* bias or prejudice concerning a party, or *personal* knowledge of disputed evidentiary facts concerning the proceeding […] ." 28 U.S.C. § 455(b)(1) (emphasis added).

For the foregoing reasons, plaintiff Deborah Parker's motion to alter or amend judgment is **DENIED**. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: January 31, 2013

  **HONORABLE SARA LIOI**
  **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.